# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

Nº 13-CV-4375(JFB)

DONOVEION GRIFFIN,

Petitioner,

VERSUS

SUFFOLK COUNTY and FRANKLIN CORRECTIONAL FACILITY,

Respondents.

**MEMORANDUM AND ORDER**
December 16, 2013

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner Donoveion Griffin ("Griffin" or "petitioner") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on seven grounds. Respondents Suffolk County and Franklin Correctional Facility ("respondents") oppose and move to dismiss the petition for failure to exhaust. For the following reasons, the Court grants the motion to dismiss. Specifically, petitioner—by his own admission—has failed to exhaust his available state court remedies, and, therefore, the petition is premature.

I. BACKGROUND

On December 3, 2012, petitioner appeared with counsel before the County Court of Suffolk County, State of New York, and pleaded guilty to two counts of attempted robbery in the second degree, in violation of N.Y. Penal Law §§ 110 and 160.10. Petitioner was sentenced to five years of imprisonment to be followed by five years of post-supervised release on January 17, 2013. (Petition, at 2.) Petitioner never appealed the conviction. (*Id.* at 1.)

The instant petition was filed in the Western District of New York on June 21, 2013, and was transferred to this Court on August 2, 2013. Griffin raises the following seven grounds for relief: (1) petitioner's bail was excessive (*id*. at 7); (2) he was incorrectly sentenced as a repeat felony offender (*id*. at 8); (3) his attorney failed to request a "V.F.O." in order to "complete programs that would benefit" him (*id*.); (4) the "CHRI Report" has incorrect sentencing information (*id*.); (5) petitioner's counsel failed to file with the state trial court a letter, which petitioner received from his co-defendant explaining that the co-defendant took a plea in exchange for testifying against petitioner and in exchange for a lesser sentence (*id*., First Handwritten Sheet

1

Annexed to the Petition); (6) ineffective assistance of trial counsel based on out-of-court conduct (*id.*, Second Handwritten Sheet Annexed to the Petition); and (7) the co-defendant's statement had many inaccuracies in it that were not explored by the ADA or petitioner's counsel (*id.*, Third Handwritten Sheet Annexed to the Petition).

By Order dated August 13, 2013, the Court directed petitioner to show cause in writing as to why his petition should not be dismissed, without prejudice, for failure to exhaust his claims in state court. Petitioner timely replied, claiming the trial court erred by denying his motion to withdraw his guilty plea and that his counsel's representation of him had been constitutionally defective because counsel had failed to meet with petitioner and to assist him in pursuing the withdrawal of the plea. Petitioner also claims that, because more than thirty days have elapsed since his conviction, there are no available state court remedies. On September 20, 2013, the Court issued an order directing respondent to show cause why the writ should not be granted. Respondent responded on November 20, 2013.[1] Petitioner has not replied.

## II. Discussion

A district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). To properly exhaust a state court remedy, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." *Galdamaz v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005). The doctrine arises out of principles of comity, *see Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), and is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Nevertheless, where the petitioner "can no longer obtain state-court review of his present claims on account of his procedural default, those claims are . . . to be deemed exhausted." *DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (citing *Harris v. Reed*, 489 U.S. 255, 263 n. 9 (1989); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)). Therefore, for exhaustion purposes, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Keane*, 118 F.3d at 139 (quoting *Hoke*, 933 F.2d at 120). However, "exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead if the petitioner procedurally defaulted on those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Coleman*, 501 U.S. at 744-51). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Netherland*, 518 U.S. at 162 (citations omitted).

Petitioner concedes that he has not exhausted his state court remedies, but he erroneously concludes that no remedies remain available to him.

---

[1] Contrary to respondent's understanding (Affirmation ¶ 17), the Court did not implicitly conclude that petitioner's claims are properly before the Court. The Court addresses the issue *de novo*.

2

As to the record-based claims—excessive bail, an illegally imposed sentence, and erroneous information in his criminal history—those claims are not beyond state court review. *See Serrata v. Fischer*, No. 13 Civ. 2632(LGS), 2013 WL 5708599, at * (S.D.N.Y. Oct. 21, 2013) ("In New York, if sufficient facts appear in the trial court record to enable review of a potential issue on appeal, that issue must be raised on appeal or it will be procedurally barred." (citing N.Y. Crim. Proc. Law ("CPL") § 440.10(2)(c); *People v. Felton*, 657 N.Y.S 2d 34, 35 (N.Y. App. Div. 1997))); *Anthoulis v. New York*, No. 11 Civ. 1908(BMC), 2012 WL 194978, at *3 (E.D.N.Y. Jan. 23, 2012) ("To properly exhaust a claim that relies on errors or omissions that are apparent from the record of trial or pretrial proceedings, petitioner must raise it on direct appeal to the Appellate Division and then seek leave to appeal to the Court of Appeals."). Petitioner never appealed his conviction as of right within thirty days of the sentence. CPL § 460.10(1). However, he still has until February 17, 2014—one year from the expiration of the aforementioned thirty day period—to seek permission to file a late appeal. *Id.* § 460.30(1).[2]

As to the non-record-based claims—ineffective assistance of trial counsel[3] and prosecutorial misconduct—those claims also are not beyond state court review. To properly exhaust an ineffective assistance of trial counsel claim that relies on evidence outside the pretrial and trial record, or to exhaust a claim for prosecutorial misconduct, the petitioner must raise it as part of a motion to vacate judgment under CPL § 440.10 and then seek leave to appeal to the Appellate Division. *Anthoulis*, 2012 WL 194978, at *3 (citing *Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003); *Caballero v. Keane*, 42 F.3d 738, 740–41 (2d Cir.1994)). Section 440.10 has no statute of limitations. *See* CPL § 440.10 ("At any time after the entry of a judgment. . . .") Therefore, these claims are unexhausted.[4]

Accordingly, the Court grants the motion to dismiss the petition without prejudice for failure to exhaust.[5]

---

[2] Section 460.30(1) specifically authorizes the filing of a late notice based on the alleged (a) "improper conduct, death or disability of the defendant's attorney, or (b) inability of the defendant and his attorney to have communicated, in person or by mail, concerning whether an appeal should be taken, prior to the expiration of the time within which to take an appeal due to defendant's incarceration in an institution and through no lack of due diligence or fault of the attorney or defendant."

[3] The New York Court of Appeals "has time and again advised that ineffective assistance of counsel is generally not demonstrable on the main record." *People v. Harris,* N.Y.S.2d 678, 687 (N.Y. App. Div. 1985); *see Johnson v. Kirkpatrick,* No. 11 Civ. 1089, 2011 WL 3328643, at *12 (S.D.N.Y. Aug. 3, 2011) (stating that "most ineffective assistance of counsel claims[ ] cannot be raised on direct state appeal but rather must be made through a CPL § 440 motion"). Such claims are not generally amenable to resolution on the basis of the record because they tend to rely on "matters outside the record concerning defense counsel's choice of trial strategy." *People v. Flores,* 900 N.Y.S.2d 647, 647 (N.Y. App. Div. 2010).

[4] To the extent the ineffective assistance claim is premised on ineffective assistance of appellate counsel (*see* Response to Order to Show Cause), the proper vehicle to raise this claim is a *coram nobis* proceeding in state court, which remains available. *Gayden v. Chappius*, No. 6:12-CV-6196(MAT), 2013 WL 4807296, at *3 (W.D.N.Y. Sept. 9, 2013) (citation omitted).

[5] Because none of petitioner's claims have been exhausted, the Court, in its discretion, determines that dismissal of the petition is warranted, rather than a stay. *Cf. Thompson v. Burge*, No. 05-CV-2914 (JFB), 2007 WL 2020185, at * 6 (E.D.N.Y. July 6, 2007) ("When a petitioner submits a mixed petition to the court, the court may dismiss petitioner's unexhausted claims, stay consideration of the exhausted claims, and allow petitioner an opportunity to amend the petition after he returns to state court to satisfy the exhaustion requirement." (citing *Zarvela v. Artuz*, 254 F.3d 374, 379-82 (2d Cir. 2001))).

### III. CONCLUSION

For the foregoing reasons, the Court dismisses the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254 without prejudice to petitioner's right to file a future petition after he fully exhausts his state court remedies. The Clerk of the Court shall enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 16, 2013
 Central Islip, NY

\*\*\*

Petitioner proceeds *pro se*. Respondents are represented by Thomas J. Spota, District Attorney of Suffolk County, by Marcia R. Kucera, Assistant District Attorney, 200 Center Drive, Riverhead, NY 11901.